IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                                                                 OPINION AND ORDER

                Plaintiff,

                                                                  13-cv-395-bbc

      v.

WILLIAM POLLARD and GREFF,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jessie Williams has filed a proposed complaint under 42 U.S.C. § 1983. Plaintiff is a prisoner, which means he is subject to the requirements of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A, including those that require him to make an initial partial payment of the filing fee, 28 U.S.C. § 1915(b)(1), and that require the court to screen complaints filed by prisoners to determine whether they state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

      In a previous order, dkt. #5, Magistrate Judge Peter Oppeneer concluded that plaintiff was not required to make an initial partial payment of the filing fee because he did not have the means to pay. 28 U.S.C. § 1915(b)(4). Accordingly, plaintiff's complaint is ready for screening.

      The body of plaintiff's complaint consists of one sentence: "I'm complaining about me having access to a legal assistant to help with my pending legal actions in federal court

due to cancel[la]tion of the legal route system." Plaintiff does not provide any context for this allegation, but I know from another case that plaintiff filed, <u>Williams v. Hamblin</u>, 12-cv-470-bbc (W.D. Wis.), that the "legal route system" allowed prisoners to send legal documents to each other without the cost of postage. <u>Id.</u> at dkt. #27, ¶¶ 5-9. I understand plaintiff to contend that defendants are violating his right to have access to the courts by failing either to give him free legal postage to other prisoners or otherwise give him a legal assistant.

A claim for denial of the right of access to the courts has two elements: (1) the defendant refused to assist the plaintiff in preparing and filing legal papers; and (2) the plaintiff was "actually injured," which means he was prevented from filing or litigating a particular lawsuit. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996); <u>Marshall v. Knight</u>, 445 F.3d 965, 968 (7th Cir. 2006); <u>Lehn v. Holmes</u>, 364 F.3d 862, 868 (7th Cir. 2004). In this case, plaintiff has not provided the notice required under Fed. R. Civ. P. 8 with respect to either element.

With respect to the first element, I understand plaintiff to be alleging that defendants have limited his ability to obtain assistance from other prisoners, but that is not enough. Plaintiff does not have a right under the Constitution to assistance from prisoners or any other particular type of assistance. Rather, he has a right to "meaningful access" to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 824 (1977). Thus, prison officials may provide whatever assistance they wish, so long as it provides that meaningful access. <u>Id.</u> at 830 (providing law libraries to prisoners is "one constitutionally acceptable method to assure

2

meaningful access to the courts," but that "does not foreclose alternative means to achieve that goal"). Because plaintiff says nothing in his complaint about other types of assistance, I cannot infer reasonably that he is being denied meaningful access.

With respect to the second element of actual injury, plaintiff is required to explain how defendants' failure to help him has hurt his ability to file or litigate a particular case. Pratt v. Tarr, 464 F.3d 730, 732 (7th Cir. 2006). In other words, plaintiff must identify a particular case and explain how defendants' actions have affected that case. It is not enough for plaintiff to say generally that he believes that defendants' actions are denying his right of access to the courts, which is all he has done in this case.

I will give plaintiff an opportunity to file an amended complaint that includes the missing facts. In particular, plaintiff should include the following facts:

- any assistance from defendants or other prison officials that is available to plaintiff in filing and litigating lawsuits;
- the case number for any case that plaintiff believes he has been unable to file or litigate because of defendants' failure to assist him;
- how plaintiff believes defendants have prevented him from filing or litigating a case;
- the particular effect that defendants' actions have had on the case.

If plaintiff fails to respond, I will dismiss the case and issue a strike in accordance with 28 U.S.C. § 1915(g). Paul v. Marberry, 658 F.3d 702, 704-06 (7th Cir. 2011) (court should give strike for failure to correct pleading that violates Rule 8).

ORDER

IT IS ORDERED that

1. Plaintiff Jessie Williams's complaint is DISMISSED WITHOUT PREJUDICE for his failure to provide adequate notice of his claim under Fed. R. Civ. P. 8.

2. Plaintiff may have until August 13, 2013, to file an amended complaint that includes the facts discussed in this order.

3. If plaintiff fails to respond by August 13, 2013, I will dismiss the case with prejudice and issue a strike in accordance with 28 U.S.C. § 1915(g).

Entered this 23rd day of July, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge